IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD DEAN GLOVER,
DENNIS WALKER,
    Plaintiffs,                      No. 2:10-cv-0430 GEB KJN P

vs.

MATTHEW CATE, et al.,
    Defendants.                   ORDER
_____/

        Plaintiffs are two state prisoners proceeding without counsel with a single civil rights action pursuant to 42 U.S.C. § 1983.

Severance

        This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

        In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at two separate institutions. In

this court's experience, an action brought by multiple inmate plaintiffs proceeding without counsel presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Ronald Dean Glover will proceed in this action, while plaintiff Dennis Walker will proceed in a civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Screening

The court will dismiss the complaint and grant leave for each plaintiff to file a separate amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
5  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
6  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
7  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
8  (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more
9  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
10 allegations sufficient "to raise a right to relief above the speculative level." Id. However,
11 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
12 notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551
13 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
14 quotations marks omitted). In reviewing a complaint under this standard, the court must accept
15 as true the allegations of the complaint in question, id., and construe the pleading in the light
16 most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
17       Both plaintiff's allege that their constitutional rights were violated, while they
18 were housed is separate prisons, when they were each required to share cells with inmates of
19 other races. Plaintiff's allege that they are both Caucasian Christians/Odinists and their religion
20 forbids them being placed in a cell with people of other races. Plaintiff Walker contends that he
21 was ordered to share his cell with a non-Aryan Muslim and when he refused, he received
22 disciplinary violations. Similarly, plaintiff Glover alleges that he also received disciplinary
23 violations for refusing to share a cell with an inmate of a different race.
24       An inmate is not entitled to be housed with a member of his own race, nor can he
25 claim an actual injury when his claim is not that he is being segregated or housed only with
26 members of his own race but is rather that he is being told he must agree to integrated housing.

Johnson v. California, 543 U.S. 499 (2005).  Nor, even if plaintiff had been placed with a cellmate not of his choosing would his rights to due process have been implicated.  In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  Moreover, the Constitution does not guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another.  Meachum v. Fano, 427 U.S. 215, 223-25 (1976).

Plaintiffs cannot articulate a claim of racial discrimination based on being subjected to a prison housing regulation which does not use race as the main determining factor for housing.  Rather, a claim of racial discrimination rising to the level of a constitutional violation would have to be predicated on an allegation of compelled segregated housing, rather than required integrated housing.  The Supreme Court has found that a state prison policy that constitutes "an express racial classification" is "immediately suspect." Johnson v. California, 543 U.S. at 509 (internal citation omitted).  The Fourteenth Amendment bans racial discrimination of the very sort plaintiff seeks to impose in the form of segregation by race.  Id., at 510-11.  Plaintiffs complaint will be dismissed and although it does not appear that plaintiffs can amend their allegations to frame colorable claims, the court will grant leave to amend for each plaintiff to file their own amended complaint.

The court finds the allegations in the complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The

court will, however, grant leave to file an amended complaint.

If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions about which they complain resulted in a deprivation of their constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiffs are hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Dennis Walker are severed from the claims of plaintiff Ronald Dean Glover;

2. Plaintiff Ronald Dean Glover shall proceed as the sole plaintiff in case No. 2:10-cv-0430 GEB KJN P;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Dennis Walker;

    b. Assign the new action to the district judge and magistrate judge to

whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Dennis Walker;

    d. Place a copy of the complaint filed February 19, 2010, in the file opened for plaintiff Dennis Walker;

    e. Strike from the caption of each plaintiff's complaint the name of the other plaintiff;

    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action;

4. The complaint is dismissed;

5. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil rights action under 42 U.S.C. § 1983; and

6. Within thirty days from the date of this order, each plaintiff shall file their own individual amended complaint. Each plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: May 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

glov-walk0430.2.2